Barry N. Gutterman, Esq. (BG6410)
Robert Briere, Esq. (RB6080)
Barry N. Gutterman & Associates, P.C.
Attorneys for Defendants
Norfolk Southern Railway Company,
Norfolk Southern Corporation
and Kansas City Southern Railway Company
60 East 42nd Street, 46th Floor
New York, New York  10165
(212) 983-1466

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------------X
SOMPO JAPAN INSURANCE COMPANY, and SOMPO
JAPAN INSURANCE, INC.

                              Plaintiffs,

                                                              **07 Civ 2735 (Judge Chin)**

v.

NORFOLK SOUTHERN RAILWAY COMPANY, NORFOLK
SOUTHERN CORPORATION and KANSAS CITY
SOUTHERN RAILWAY COMPANY

                              Defendants.

---------------------------------------------------------------------

**NORFOLK SOUTHERN RAILWAY COMPANY'S AND KANSAS CITY SOUTHERN
RAILWAY'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFFS' COMPLAINT**

        Defendants, Norfolk Southern Railway Company ("NSRC") and Kansas City Southern

Railway Company ("KCS")(collectively, "the Defendants") by and through their attorneys,

Barry N. Gutterman & Associates, P.C., hereby answer Plaintiffs' Complaint and aver

Affirmative Defenses, and in support thereof states as follows:

        1.        The allegations contained in paragraph of 1 plaintiff's complaint are conclusions

of law to which no response is required and are accordingly denied.  To the extent that any of

said allegations can be construed as factual allegations, they are denied with proof demanded at trial.

2.    The Defendants are without sufficient knowledge and information upon which to form a belief as to the truth of the allegations contained in paragraph 2 of plaintiff's complaint and, therefore, those allegations are denied with proof demanded at trial.

3.    The Defendants are without sufficient knowledge and information upon which to form a belief as to the truth of the allegations contained in paragraph 3 of plaintiff's complaint and, therefore, those allegations are denied with proof demanded at trial.

4.    NSRC admits the allegations in paragraph 4 of plaintiff's complaint. KCS is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations contained in paragraph 4 of plaintiff's complaint and, therefore, denies those allegations with proof demanded at trial.

5.    KCS denies that it was the "delivery rail carrier" of the Shipments at issue herein and denies that it does business in this district. NSRC is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations contained in paragraph 5 of plaintiff's complaint and, therefore, denies those allegations with proof demanded at trial.

6.    The allegations contained in paragraph 6 of plaintiff's complaint are conclusions of law to which no response is required and are accordingly denied. To the extent that any of said allegations can be construed as factual allegations, they are denied.

7.    NSRC admits that it accepted the Kubota Shipment when interchanged to its track and, in consideration of certain freight charges thereupon paid or agreed to be paid, agreed to carry the Kubota Shipment to Georgia via rail and there deliver the Shipment in good order and condition to the rail destination identified on the governing bill of lading. KCS admits that it

accepted the Kubota Shipment when interchanged to its track and, in consideration of certain freight charges thereupon paid or agreed to be paid, agreed to carry the Kubota Shipment via rail and deliver the Shipment in good order and condition to the rail destination or point of interchange. KCS denies that it agreed to carry the Kubota Shipment to Georgia. With respect to the remaining allegations in paragraph 7 of plaintiff's complaint, the Defendants are without sufficient knowledge and information upon which to form a belief as to the truth of the allegations contained in paragraph 7 of plaintiff's complaint and, therefore, those allegations are denied with proof demanded at trial.

8.      The Defendants are without sufficient knowledge and information upon which to form a belief as to the truth of the allegations contained in paragraph 8 of plaintiff's complaint and, therefore, those allegations are denied with proof demanded at trial.

9.      NSRC admits that it made delivery of the Kubota Shipment to the point of rail destination. KCS denies that it made final delivery of the Kubota shipment to the actual consignee. The Defendants are without sufficient knowledge and information upon which to form a belief as to the truth of the allegation that the condition of the shipment at delivery was different than it was when it was received by NSRC and KCS and, therefore, those allegations are denied with proof demanded at trial. With respect to the remaining allegations in paragraph 9 of the complaint, they are conclusions of law to which no response is required and are accordingly denied. To the extent that any of said allegations can be construed as factual allegations, they are denied with proof demanded at trial.

10.      The Defendants are without sufficient knowledge and information upon which to form a belief as to the truth of the allegations contained in paragraph 10 of plaintiff's complaint and, therefore, those allegations are denied with proof demanded at trial.

11.     The Defendants are without sufficient knowledge and information upon which to form a belief as to the truth of the allegations contained in paragraph 11 of plaintiff's complaint and, therefore, those allegations are denied with proof demanded at trial.

12.     The Defendants are without sufficient knowledge and information upon which to form a belief as to the truth of the allegations contained in paragraph 12 of plaintiff's complaint and, therefore, those allegations are denied with proof demanded at trial.

13.     NSRC admits that it accepted the Unisia Shipment when interchanged to its track and, in consideration of certain freight charges thereupon paid or agreed to be paid, agreed to carry the Unisia Shipment to Georgia via rail and there deliver the Shipment in good order and condition to the rail destination identified on the governing bill of lading.  KCS admits that it accepted the Unisia Shipment when interchanged to its track and, in consideration of certain freight charges thereupon paid or agreed to be paid, agreed to carry the Unisia Shipment via rail and deliver the Shipment in good order and condition to the rail destination or point of interchange.  KCS denies that it agreed to carry the Unisia Shipment to Georgia.  With respect to the remaining allegations in paragraph 13 of plaintiff's complaint, the Defendants are without sufficient knowledge and information upon which to form a belief as to the truth of the allegations contained in paragraph 13 of plaintiff's complaint and, therefore, those allegations are denied with proof demanded at trial.

14.     The Defendants are without sufficient knowledge and information upon which to form a belief as to the truth of the allegations contained in paragraph 14 of plaintiff's complaint and, therefore, those allegations are denied with proof demanded at trial.

15.     NSRC admits that it made delivery of the Unisia Shipment to the point of rail destination.  KCS denies that it made final delivery of the Unisia Shipment to the actual

consignee.  The Defendants are without sufficient knowledge and information upon which to form a belief as to the truth of the allegation that the condition of the shipment at delivery was different than it was when it was received by NSRC and KCS and, therefore, those allegations are denied with proof demanded at trial. With respect to the remaining allegations in paragraph 15 of plaintiff's complaint, they are conclusions of law to which no response is required and are accordingly denied.  To the extent that any of said allegations can be construed as factual allegations, they are denied with proof demanded at trial.

16.    The Defendants are without sufficient knowledge and information upon which to form a belief as to the truth of the allegations contained in paragraph 16 of plaintiff's complaint and, therefore, those allegations are denied with proof demanded at trial.

17.    The Defendants are without sufficient knowledge and information upon which to form a belief as to the truth of the allegations contained in paragraph 17 of plaintiff's complaint and, therefore, those allegations are denied with proof demanded at trial.

18.    NSRC admits that it accepted the Hoshizaki Shipment when interchanged to its track and, in consideration of certain freight charges thereupon paid or agreed to be paid, agreed to carry the Hoshizaki Shipment to Georgia via rail and there deliver the Shipment in good order and condition to the rail destination identified on the governing bill of lading.  KCS admits that it accepted the Hoshizaki Shipment when interchanged to its track and, in consideration of certain freight charges thereupon paid or agreed to be paid, agreed to carry the Hoshizaki Shipment via rail and deliver the Shipment in good order and condition to the rail destination or point of interchange.  KCS denies that it agreed to carry the Hoshizaki Shipment to Georgia.  With respect to the remaining allegations in paragraph 18 of plaintiff's complaint, the Defendants are

without sufficient knowledge and information upon which to form a belief as to the truth of these allegations and, therefore, these allegations are denied with proof demanded at trial.

19.    The Defendants are without sufficient knowledge and information upon which to form a belief as to the truth of the allegations contained in paragraph 19 of plaintiff's complaint and, therefore, those allegations are denied with proof demanded at trial.

20.    NSRC admits that it made delivery of the Hoshikazi Shipment to the point of rail destination.  KCS denies that it made final delivery of the Hoshikazi Shipment to the actual consignee.  The Defendants are without sufficient knowledge and information upon which to form a belief as to the truth of the allegation that the condition of the shipment at delivery was different than it was when it was received by NSRC and KCS and, therefore, those allegations are denied with proof demanded at trial. With respect to the remaining allegations in paragraph 20 of plaintiff's complaint, they are conclusions of law to which no response is required and are accordingly denied.  To the extent that any of said allegations can be construed as factual allegations, they are denied with proof demanded at trial.

21.    The Defendants are without sufficient knowledge and information upon which to form a belief as to the truth of the allegations contained in paragraph 21 of plaintiff's complaint and, therefore, those allegations are denied with proof demanded at trial.

22.    The Defendants are without sufficient knowledge and information upon which to form a belief as to the truth of the allegations contained in paragraph 22 of plaintiff's complaint and, therefore, those allegations are denied with proof demanded at trial.

23.    NSRC admits that it accepted the Canon Shipment when interchanged to its track and, in consideration of certain freight charges thereupon paid or agreed to be paid, agreed to carry the Canon Shipment to Georgia via rail and there deliver the Shipment in good order and

condition to the rail destination identified on the governing bill of lading.  KCS admits that it accepted the Canon Shipment when interchanged to its track and, in consideration of certain freight charges thereupon paid or agreed to be paid, agreed to carry the Canon Shipment via rail and deliver the Shipment in good order and condition to the rail destination or point of interchange.  KCS denies that it agreed to carry the Canon Shipment to Georgia.  With respect to the remaining allegations in paragraph 23 of plaintiff's complaint, the Defendants are without sufficient knowledge and information upon which to form a belief as to the truth of these allegations and, therefore, these allegations are denied with proof demanded at trial.

24.    The Defendants are without sufficient knowledge and information upon which to form a belief as to the truth of the allegations contained in paragraph 24 of plaintiff's complaint and, therefore, those allegations are denied with proof demanded at trial.

25.    NSRC admits that it made delivery of the Canon Shipment to the point of rail destination.  KCS denies that it made final delivery of the Canon Shipment to the actual consignee.  The Defendants are without sufficient knowledge and information upon which to form a belief as to the truth of the allegation that the condition of the shipment at delivery was different than it was when it was received by NSRC and KCS and, therefore, those allegations are denied with proof demanded at trial. With respect to the remaining allegations in paragraph 25 of plaintiff's complaint, they are conclusions of law to which no response is required and are accordingly denied.  To the extent that any of said allegations can be construed as factual allegations, they are denied with proof demanded at trial.

26.    The Defendants are without sufficient knowledge and information upon which to form a belief as to the truth of the allegations contained in paragraph 26 of plaintiff's complaint and, therefore, those allegations are denied with proof demanded at trial.

27.     The Defendants are without sufficient knowledge and information upon which to form a belief as to the truth of the allegations contained in paragraph 27 of plaintiff's complaint and, therefore, those allegations are denied with proof demanded at trial.

### FIRST CAUSE OF ACTION

### BREACH OF CONTRACT AND OF DUTIES UNDER CARMACK AMENDMENT AND STAGGERS RAIL ACT AS TO THE KUBOTA SHIPMENT

28.     The Defendants incorporate by reference their responses to paragraphs 1 – 27 of Plaintiff's complaint as if fully set forth herein.

29.     The allegations contained in paragraph 29 of plaintiff's complaint are conclusions of law to which no response is required and are accordingly denied.  To the extent that any of said allegations can be construed as factual allegations, they are denied.

30.     The allegations contained in paragraph 30 of plaintiff's complaint are conclusions of law to which no response is required and are accordingly denied.  To the extent that any of said allegations can be construed as factual allegations, they are denied.

### SECOND CAUSE OF ACTION

### TORT DAMAGE TO PROPERTY NEGLIGENCE AND/OR GROSS NEGLIGENCE AND/OR RECKLESSNESS AND/OR WILLFUL CONDUCT AS TO THE KUBOTA SHIPMENT

31.     The Defendants incorporate by reference their responses to paragraphs 1 – 30 of plaintiff's complaint as if fully set forth herein.

32.     The Defendants deny the allegations set forth in paragraph 32 of plaintiff's complaint.

33.     The Defendants deny the allegations set forth in paragraph 33 of plaintiff's complaint.

34.     The allegations contained in paragraph 34 of plaintiff's complaint are conclusions of law to which no response is required and are accordingly denied.  To the extent that any of said allegations can be construed as factual allegations, they are denied.

### THIRD CAUSE OF ACTION

### BREACH OF BAILMENT OBLIGATIONS
### AS TO THE KUBOTA SHIPMENT

35.     The Defendants incorporate by reference their responses to paragraphs 1 – 34 of plaintiff's complaint as if fully set forth herein.

36.     The Defendants admits that at relevant times they acted as carrier of goods for hire by land, and/or bailee of or otherwise had a duty to care for the Kubota Shipment at the time it was in their custody.  The Defendants deny that they were in breach of any obligations and further deny that they negligently failed to deliver the Kubota Shipment in as complete and good condition as when entrusted to it.  With respect to the remaining allegations of paragraph 36 of plaintiff's complaint, the Defendants state that said allegations are conclusions of law to which no response is required and are accordingly denied.  To the extent that any of said allegations can be construed as factual allegations, they are denied with proof demanded at trial.

37.     The Defendants deny that they have caused damage as alleged by Sompo.  With respect to the remaining allegations of paragraph of 37 plaintiff's complaint, the Defendants state that said allegations are conclusions of law to which no response is required and are accordingly denied.  To the extent that any of said allegations can be construed as factual allegations, they are denied with proof demanded at trial.

## FOURTH CAUSE OF ACTION

### BREACH OF CONTRACT AND OF DUTIES UNDER
### CARMACK AMENDMENT AND STAGGERS RAIL ACT
### AS TO THE UNISIA SHIPMENT

38.    The Defendants incorporate by reference their responses to paragraphs 1 – 37 of plaintiff's complaint as if fully set forth herein.

39.    The allegations contained in paragraph 39 of plaintiff's complaint are conclusions of law to which no response is required and are accordingly denied.  To the extent that any of said allegations can be construed as factual allegations, they are denied.

40.    The allegations contained in paragraph 40 of plaintiff's complaint are conclusions of law to which no response is required and are accordingly denied.  To the extent that any of said allegations can be construed as factual allegations, they are denied with proof demanded at trial.

## FIFTH CAUSE OF ACTION

### TORT DAMAGE TO PROPERTY
### NEGLIGENCE AND/OR GROSS NEGLIGENCE
### AS TO THE UNISIA SHIPMENT

41.    The Defendants incorporate by reference their responses to paragraphs 1 – 40 of plaintiff's complaint as if fully set forth herein.

42.    The Defendants deny the allegations set forth in paragraph 42 of plaintiff's complaint.

43.    The Defendants deny the allegations set forth in paragraph 43 of plaintiff's complaint.

44.    The allegations contained in paragraph 44 of plaintiff's complaint are conclusions of law to which no response is required and are accordingly denied.  To the extent that any of said allegations can be construed as factual allegations, they are denied.

## SIXTH CAUSE OF ACTION

### BREACH OF BAILMENT OBLIGATIONS
### AS TO THE UNISIA SHIPMENT

45.    The Defendants incorporate by reference their responses to paragraphs 1 – 44 of plaintiff's complaint as if fully set forth herein.

46.    The Defendants admit that at relevant times they acted as carrier of goods for hire by land, and/or bailee of or otherwise had a duty to care for the Unisia Shipment at the time it was in their custody.  The Defendants deny that they were in breach of any obligations and further deny that they negligently failed to deliver the Unisia Shipment in as complete and good condition as when entrusted to it.  With respect to the remaining allegations of paragraph 46 of plaintiff's complaint, the Defendants state that said allegations are conclusions of law to which no response is required and are accordingly denied.  To the extent that any of said allegations can be construed as factual allegations, they are denied.

47.    The Defendants deny that they have caused damage as alleged by Sompo.  With respect to the remaining allegations of paragraph 47 of plaintiff's complaint, the Defendants state that said allegations are conclusions of law to which no response is required and are accordingly denied.  To the extent that any of said allegations can be construed as factual allegations, they are denied.

11

## SEVENTH CAUSE OF ACTION

**BREACH OF CONTRACT AND OF DUTIES UNDER
CARMACK AMENDMENT AND STAGGERS RAIL ACT
AS TO THE HOSHIZAKI SHIPMENT**

48.    The Defendants incorporate by reference their responses to paragraphs 1 – 47 of Plaintiff's complaint as if fully set forth herein.

49.    The allegations contained in paragraph 49 of plaintiff's complaint are conclusions of law to which no response is required and are accordingly denied.  To the extent that any of said allegations can be construed as factual allegations, they are denied.

50.    The allegations contained in paragraph 50 of plaintiff's complaint are conclusions of law to which no response is required and are accordingly denied.  To the extent that any of said allegations can be construed as factual allegations, they are denied.

## EIGHTH CAUSE OF ACTION

**TORT DAMAGE TO PROPERTY
NEGLIGENCE AND/OR GROSS NEGLIGENCE
AS TO THE HOSHIZAKI SHIPMENT**

51.    The Defendants incorporate by reference their responses to paragraphs 1 – 50 of plaintiff's complaint as if fully set forth herein.

52.    The Defendants deny the allegations set forth in paragraph 52 of plaintiff's Complaint.

53.    The Defendants deny the allegations set forth in paragraph 53 of plaintiff's complaint.

54.     The allegations contained in paragraph 54 of plaintiff's complaint are conclusions of law to which no response is required and are accordingly denied.  To the extent that any of said allegations can be construed as factual allegations, they are denied.

## NINTH CAUSE OF ACTION

### BREACH OF BAILMENT OBLIGATIONS
### AS TO THE HOSHIZAKI SHIPMENT

55.     The Defendants incorporate by reference their responses to paragraphs 1 – 54 of plaintiff's complaint as if fully set forth herein.

56.     The Defendants admit that at relevant times it acted as carrier of goods for hire by land, and/or bailee of or otherwise had a duty to care for the Hoshizaki Shipment at the time it was in their custody.  The Defendants deny that they were in breach of any obligations and further deny that they negligently failed to deliver the Hoshizaki Shipment in as complete and good condition as when entrusted to it.  With respect to the remaining allegations of  paragraph 56 of plaintiff's complaint, the Defendants state that said allegations are conclusions of law to which no response is required and are accordingly denied.  To the extent that any of said allegations can be construed as factual allegations, they are denied.

57.     The Defendants deny that they have caused damage as alleged by Sompo.  With respect to the remaining allegations of paragraph 57 of plaintiff's complaint, the Defendants state that said allegations are conclusions of law to which no response is required and are accordingly denied.  To the extent that any of said allegations can be construed as factual allegations, they are denied.

## TENTH CAUSE OF ACTION

### BREACH OF CONTRACT AND OF DUTIES UNDER
### CARMACK AMENDMENT AND STAGGERS RAIL ACT
### AS TO THE CANON SHIPMENT

58.     The Defendants incorporate by reference their responses to paragraphs 1 – 57 of plaintiff's complaint as if fully set forth herein.

59.     The allegations contained in paragraph 59 of plaintiff's complaint are conclusions of law to which no response is required and are accordingly denied.  To the extent that any of said allegations can be construed as factual allegations, they are denied.

60.     The allegations contained in paragraph 60 of plaintiff's complaint are conclusions of law to which no response is required and are accordingly denied.  To the extent that any of said allegations can be construed as factual allegations, they are denied with proof demanded at trial.

## ELEVENTH CAUSE OF ACTION

### TORT DAMAGE TO PROPERTY
### NEGLIGENCE AND/OR GROSS NEGLIGENCE AND/OR RECKLESSNESS
### AND/OR WILLFUL CONDUCT AS TO THE CANON SHIPMENT

61.     The Defendants incorporate by reference their responses to paragraphs 1 – 60 of plaintiff's complaint as if fully set forth herein.

62.     The Defendants deny the allegations set forth in paragraph 62 of plaintiff's complaint.

63.     The Defendants deny the allegations set forth in paragraph 63 of plaintiff's complaint.

64.    The allegations contained in paragraph 64 of plaintiff's complaint are conclusions of law to which no response is required and are accordingly denied.  To the extent that any of said allegations can be construed as factual allegations, they are denied.

## TWELFTH CAUSE OF ACTION

## BREACH OF BAILMENT OBLIGATIONS
## AS TO THE CANON SHIPMENT

65.    The Defendants incorporate by reference their responses to paragraphs 1 – 64 of Plaintiff's complaint as if fully set forth herein.

66.    The Defendants admit that at relevant times they acted as carrier of goods for hire by land, and/or bailee of or otherwise had a duty to care for the Canon Shipment at the time it was in their custody.  The Defendants deny that they have in breach of any obligations and further deny that they negligently failed to deliver the Canon Shipment in as complete and good condition as when entrusted to it.  With respect to the remaining allegations of paragraph 66 of plaintiff's complaint, the Defendants state that said allegations are conclusions of law to which no response is required and are accordingly denied.  To the extent that any of said allegations can be construed as factual allegations, they are denied.

67.    The Defendants deny that they have caused damage as alleged by Sompo.  With respect to the remaining allegations of paragraph 67 of plaintiff's complaint, the Defendants state that said allegations are conclusions of law to which no response is required and are accordingly denied.  To the extent that any of said allegations can be construed as factual allegations, they are denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

68.    Plaintiffs have failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

69.    Plaintiffs claims are barred to the extent that plaintiffs failed to satisfy conditions precedent for pursuing the claims set forth in its complaint.

### THIRD AFFIRMATIVE DEFENSE

70.    Plaintiffs claims are barred to the extent they are untimely pursuant to applicable statutory and/or contractual and published tariff limitations.

### FOURTH AFFIRMATIVE DEFENSE

71.    To the extent that plaintiffs have incurred any of the alleged damages, they have failed to mitigate said losses or damages.

### FIFTH AFFIRMATIVE DEFENSE

72.    To the extent the movement of the freight at issue was subject to statutory, tariff, or contractual limitations of liability, either specifically agreed to or incorporated from tariffs or governing publications, plaintiffs may not recover from the Defendants in excess of such limitations.

### SIXTH AFFIRMATIVE DEFENSE

73.    Any loss or damage incurred by plaintiffs, as alleged in their complaint, was caused in whole or in part by the acts or omissions of plaintiffs, and/or its agents, and/or other parties for whom the Defendants not responsible, including but not limited to their insureds.

## SEVENTH AFFIRMATIVE DEFENSE

74.     The claims asserted in the Complaint are barred by the applicable statutory and contractual time limitations.

## EIGHTH AFFIRMATIVE DEFENSE

75.     Plaintiffs lack standing to assert any claims against the Defendants, and have no privity of contract with the Defendants in connection with the freight movement at issue.

## NINTH AFFIRMATIVE DEFENSE

76.     The damage to the freight at issue was caused in whole or in part by the inherent vice or nature of the goods.

## TENTH AFFIRMATIVE DEFENSE

77.     In the event that the plaintiffs had or have no title or interest in the freight that is the subject of this action, then the plaintiffs are not the real parties in interest and are not entitled to maintain this suit.

## ELEVENTH AFFIRMATIVE DEFENSE

78.     Plaintiffs common law claims are preempted by federal law.

## TWELFTH AFFIRMATIVE DEFENSE

79.     The Defendants state that, to the extent that the shipments as alleged in plaintiff's complaint were subject to the provisions of the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. § 1300 *et seq*., and/or the Carmack Amended, 49 U.S.C. § 11706, each of which provides affirmative defenses which the Defendants adopt in pertinent parts as follows:

(a)     acts of God;

(b)     act(s) of public enemy;

(c)     acts or omission of shipper himself;

(d)    act(s) of public authority;

(e)    inherent vice or nature of goods;

(f)    acts, neglect, or default of the master, mariner, pilot, or the servants of the carrier in the navigation or in the management of the ship;

(g)    perils, dangers and accidents of the se or other navigable waters;

(h)    acts of war;

(i)    arrest or restraint of princes, rulers or people, or seizure under legal process;

(j)    strikes or lockouts or stoppage or restraint of labor from whatever cause, whether partial or general: *Provided*, That nothing herein contained shall be construed to relieve a carrier from responsibility for the carrier's own acts;

(k)    saving or attempting to save life or property at sea;

(l)    wastage in bulk or weight or any other loss or damage arising from inherent defect, quality or vise of the goods;

(m)    insufficiency of packing;

(n)    insufficiency or inadequacy of marks; and

(o)    latent defects not discoverable by due diligence.

## THIRTEENTH AFFIRMATIVE DEFENSE

80.    Plaintiffs choice of venue is improper and, therefore, the Court should dismiss Plaintiff's complaint and/or transfer plaintiff's claims to a judicial district where venue would be proper.

## FOURTEENTH AFFIRMATIVE DEFENSE

81.    Plaintiffs have failed to join necessary and indispensable parties and, therefore, the Court should dismiss this Complaint.

## FIFTEENTH AFFIRMATIVE DEFENSE

82.     In the event that the plaintiffs were not the purchasers of the rail services

provided, then the plaintiffs are not the real parties in interest and are not entitled to maintain this

suit.

**WHEREFORE**, defendants, Norfolk Southern Railway Company and Kansas City

Southern Railway Company demand judgment in their favor and against plaintiffs Sompo Japan

Insurance Company of America and Sompo Japan Insurance, Inc., dismissing the Complaint

with prejudice.

Dated:      New York, New York
            May 21, 2007

                              By:     /s/ Barry Gutterman
                                      Barry N. Gutterman, Esq. (BG-6410)
                                      Robert Briere, Esq. (RB6080)
                                      Barry N. Gutterman & Associates, P.C.
                                      60 East 42nd Street, 46th Floor
                                      New York, New York 10161
                                      (212) 983-1466 (phone)
                                      (212) 983-1229 (fax)


                                      - And –

                                      Of Counsel:

                                      Charles L. Howard, Esq.
                                      Keenan Cohen & Howard PC
                                      One Commerce Square
                                      2005 Market Street, Suite 2520
                                      Philadelphia, PA 19103
                                      (215) 609-1105 (phone)
                                      (215) 609-1117 (fax)


                                      Attorneys for Defendants
                                      Norfolk Southern Railway Company,
                                      Norfolk Southern Corporation
                                      and Kansas City Southern Railway Company

TO:    Thomas M. Eagan, Esq. (TE1713)
       Maloof Browne & Eagan LLC
       411 Theodore Fremd Avenue, Suite 190
       Rye, New York 10580-1411
       (914) 921-1200 (phone)
       (914) 921-1023 (fax)

       Attorneys for Plaintiffs

NS.2716.AAD.NSCR.KCR

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned counsel, hereby certify that on May 21, 2007, a true and correct copy of the foregoing Defendants Answers and Affirmative Defenses to Plaintiffs' Complaint was filed electronically.  Notice of this filing will be sent to the following party, listed below, by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

David T. Maloff, Esquire
Thomas M. Eagan, Esquire
MALOFF BROWNE & EAGAN LLC
411 Theodore Fremd Avenue, Suite 190
Rye, New York 10580-1411

*Attorneys for Plaintiffs*

By:    /s/ <u>Barry N. Gutterman</u>