A-21

| EXEMPT 20-B | UNION PACIFIC RAILROAD COMPANY | 1st revised | PAGE 32.2 |

## GENERAL RULES AND GOVERNING PROVISIONS

### ITEM NO. 142-B - CARGO LOSS AND DAMAGE PROVISIONS

1. General Application

   A. Provisions of this Item take precedence over all other liability provisions contained in this publication, except where expressly modified.

   B. Any matters not covered in this publication will be governed by the terms of the Uniform Bill of Lading, set forth in Item 25 of this Circular, 49 U.S.C. Section 11706 (Carmack), and 49 C.F.R. 1005.

   C. On domestic moves that originates in the United States Shippers may, at their option, select the liability provisions set forth in 49 U.S.C. Section 11706 (Carmack) as explained in Item 143. If 49 U.S.C. Section 11706 (Carmack) is not selected, the liability provisions of this item will govern.

   D. Acceptance of a shipment by the carriers for transportation shall not be a waiver of shipper's liability.

   E. Mexico. For shipments moving into and out of Mexico on a single through bill of lading see the special liability provisions under Item 141.

2. Blocking, Bracing, and Cleaning Requirements

   A. As a minimum requirement all loading, bracing and blocking must comply with the applicable Association of American Railroads' pamphlet or general information publication, any modifications must be approved by Union Pacific Damage Prevention Services prior to shipment. Shippers are required to take all necessary additional steps to protect their product during rail transportation.

   B. When shipping hazardous material, hazardous substance, hazardous waste or dangerous material, shipper or it's agent(s) must comply with the provisions of Item 220-series.

   C. The shipper or it's agent, shall comply with the terms and provisions of the Uniform Intermodal Interchange Agreement.

   D. In the event of a load shift when it is determined by Carriers that there was insufficient or improper blocking and bracing, the shipper shall be responsible for all expenses, including the repair of damaged equipment, loss or damage to all cargo, and transfer services. In addition, all charges, administrative, civil fines, storage and detention are due and payable in full before the vehicle leaves the ramp.

3. Liability Provisions

   A. The carrier/party in possession will be liable as at common law except as provided herein.

   B. Carriers will not be liable for loss, damage or delay caused by an act of God, a public enemy, public offense, the authority of law, riots, strikes, acts of civil disobedience, inherent quality or characteristic of the commodity, natural shrinkage, an act or default of the shipper, owner or receiver or from shipments stopped and held in transit at the request of the shipper, owner or receiver.

   C. Carrier's liability will not exceed the actual amount of physical loss or damage sustained to the cargo. Carriers will not be liable for special damages, consequential damages, indirect losses or punitive damages arising from loss, damage, suspected contamination, or delay to cargo, nor will carriers be liable for any losses attributable to fluctuation in the market value of the cargo. Furthermore, carriers will

ISSUED: NOVEMBER 29, 1999     EXHIBIT 17    EFFECTIVE: JANUARY 1, 2000

A-22

EXEMPT 20-B                    UNION PACIFIC RAILROAD COMPANY            1st revised      PAGE 32.3

## GENERAL RULES AND GOVERNING PROVISIONS

not be liable for any losses, direct or indirect, that result from an interruption of rail service nor do carriers guarantee rail service on any schedule. Carriers will not be responsible for interest or attorney fees. Carriers maximum liability for freight loss or damage will not exceed the liability of the billing party or the party tendering the cargo to the carrier.

D. Carrier's maximum liability for the contents of any rail vehicle will be limited to the destination value of the cargo or $250,000 US, whichever is the lesser of the two amounts. Furthermore, rail carriers shall not be liable for any loss or damage to or in connection with the transportation of cargo in an amount exceeding $10,000 per package, or in the case of goods not shipped in packages, per customary freight unit. Any limitation on the value of claims imposed by any other rail carriers, motor carrier, marine carrier or freight forwarder is incorporated and made a part of this circular; the value of the lowest maximum amount shall apply.

E. Claims or lawsuits for less than $250.00 shall not be filed and no claim shall be paid if the amount of loss or damage is found to be under $250.00.

F. In the event an act or omission of any party involved in the transportation process (shipper, carrier, receiver) is not the sole cause but contributes to any loss or damage, Carriers will be liable for only that portion of the loss or damage caused by its negligence.

G. Carriers are not liable for temperature related losses unless mechanical protective service is requested, paid for and carrier owned or leased equipment is used.

H. Carriers are not liable for loss or damage caused by defective equipment when such equipment is not owned or leased by rail carriers.

I. Cargo loss and damage claims presented to Union Pacific will be resolved for the account of all domestic U.S. and Canadian rail carriers involved in the transportation of shipments moving under the authority of this circular unless connecting rail carriers liability conflicts with the liability stipulated in this circular. In cases of such conflicts, Union Pacific reserves the right to resolve claims solely on behalf of Union Pacific.

J. Unlocated loss or damages from international land transport shipments that do not break bulk or are not visibly checked at domestic U.S. origin are excluded from liability coverage and claims may be subject to compromise or declination unless clear and convincing evidence exists that loss or damage occurred during the domestic rail transport.

K. Unlocated loss or damages from international marine shipments that do not break bulk or are not visibly checked at United States origin are excluded from liability coverage and claims may be subject to compromise or declination unless clear and convincing evidence exists that loss or damage occurred during the domestic rail transport.

L. In international shipments where the shipper has released the shipment under an intermodal or Ocean Bill of Lading to the Steamship Company with a per package or customary freight unit limitation of liability applicable by agreement and/or pursuant to 46 U.S.C. Section 1304(5), carriers maximum liability shall be limited to $500.00 per package as described in the Ocean bill of lading.

M. Carriers will not be liable for more than $250.00 per shipment for the amount of internal revenue taxes paid or determined and customs duties paid on distilled spirits, wines, and beer previously withdrawn

ISSUED: NOVEMBER 29, 1999                                          EFFECTIVE: JANUARY 1, 2000

A-23

EXEMPT 20-B                UNION PACIFIC RAILROAD COMPANY    1st Revised    PAGE 32.4

GENERAL RULES AND GOVERNING PROVISIONS

from bond, which were lost, rendered unmarketable, or condemned by a duly authorized official by reason of fire, flood, casualty, or other disaster, or breakage, destruction, or other damage (but not including theft) resulting from vandalism or malicious mischief, if such damage or disaster occurred in the United States, and if such distilled spirits, wines or beer were held and intended for sale at the time of such disaster or other damage.

N. Rail carrier liability for visible damage or seal breach shall terminate upon acceptance by the destination drayman, as evidenced by a clear record on the connecting carrier or motor carrier interchange document.

O. In the absence of any other evidence, a seal breach will not create a presumption of loss or contamination.

P. No claims will be paid for freight loss or damage for cargo that is in an overweight vehicle or violates any federal, state, or local law, statute, ordinance, or regulation. Shipper agrees to reimburse carriers for any fines or costs relating to overweight loads.

4. Loss or Damage Verification and Disposition Provisions

A. Carriers have the right to inspect, weigh or reject shipments at origin, en route or at destination.

B. Carriers reserve the right to inspect damaged cargo. If carrier has notified shipper or consignee that carrier is invoking this right, as a condition precedent to recovery of any claim, the consignee must immediately notify the carrier upon discovery of any damage and allow destination carrier or its agent to inspect.

C. Failure of the carriers to inspect damaged cargo for whatever reason will not relieve the burden of the claiming party to establish that the cargo was received in a damaged condition nor will it be considered an admission of liability by the rail carrier.

D. Shippers and/or consignee must take all reasonable steps to mitigate their damages by accepting damaged cargo unless it is totally worthless and is totally without salvage value. Shippers and/or consignees may not abandon shipments to the carriers that are damaged, partially damaged or retain any salvage value. Customers who retain damaged cargo may be offered an allowance by the carriers. Such allowances are granted to assist in mitigating losses and do not establish carrier liability. Undamaged cargo that is abandoned to the carrier shall be sold for the account of whom concerned and salvage proceeds, less any expenses incurred in salvage, shall be remitted to the beneficial owner.

5. Claims

As a condition precedent for payment of a claim, claims must be filed in writing, via FAX, or via E.D.I. within twelve(12) months of the delivery date or in the event of non-delivery, a reasonable time for delivery. Such written or electronic communication shall comply with the minimum requirements contained in 49 C.F.R. 1005.2(b). Claims may only be submitted by the beneficial owner, or a party to the transportation agreement.

A. In addition to the requirements of 49 C.F.R. 1005.2(b) all written claims must include the following documentation:

1. A demand for payment of a specific amount and verification of the amount claimed with original invoice or repair bills.

ISSUED: NOVEMBER 29, 1999                                EFFECTIVE: JANUARY 1, 2000

A-24

EXEMPT 20-B                    UNION PACIFIC RAILROAD COMPANY              1st Revised PAGE 32.5

GENERAL RULES AND GOVERNING PROVISIONS

    2. Information identifying the rail shipment including equipment initials and number, shipper and receiver's names, trailer and container numbers, waybill numbers, shipping date, and commodity.

    3. Origin records as to the condition and quantity of the cargo at the time tendered to the origin rail carrier. If shortage is involved, origin seal records must be furnished along with interchange document at the time of delivery to the origin rail carrier.

    4. Destination records as to the condition and quantity of the cargo at the time received from the destination rail carrier. If shortage is involved, destination seal records must be furnished along with interchange document from the destination rail carrier.

    5. Evidence as to the disposition of the damaged cargo.

    6. Evidence that shipment was loaded in compliance with Article 2A and 2B of this section.

    7. Customs Records. Records from the point that the cargo clears customs indicating the cargo's condition, quantity, declared value and seal record.

    8. Carrier reserves the right to deny any claim that does not contain all or part of the aforementioned documentation.

B. All loss and damage cargo claims filed with Union Pacific Railroad must be filed at:

    Union Pacific Railroad Damage Prevention Services
    111 South Magnolia Street
    Palestine, TX 75801
    Telephone: 1-800-521-3253
    Telefax: 1-903-731-7708
           1-800-527-3036

C. Freight Loss and Damage Lawsuits

    See Item 213

### ITEM NO. 143-B - CARMACK LIABILITY

49 U.S.C. Section 11706 provides for full-value liability and other liability terms for the carrier and the shipper. To make a shipment pursuant to the terms of 49 U.S.C. Section 11706, the 7. must comply with all of the following provisions:

    1. Shipper must notify Carrier no less than 72 hours before the shipment arrives at the in-gate that the shipper chooses Carmack liability protection.

ISSUED: NOVEMBER 29, 1999                                                EFFECTIVE: JANUARY 1, 2000