DAVID T. MALOOF (DM 3350)
THOMAS M. EAGAN (TE 1713)
MALOOF BROWNE & EAGAN LLC
411 Theodore Fremd Avenue, Suite 190
Rye, New York 10580-1411
(914) 921-1200
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

SOMPO JAPAN INSURANCE COMPANY OF
AMERICA and SOMPO JAPAN INSURANCE,
INC.

                        *Plaintiffs,*
- against -

NORFOLK SOUTHERN RAILWAY
COMPANY, NORFOLK SOUTHERN
CORPORATION and THE KANSAS CITY
RAILWAY COMPANY

                        *Defendants.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

07 Civ. 2735 (DC)

**PLAINTIFFS' STATEMENT
OF UNDISPUTED MATERIAL
FACTS PER LOCAL RULE 56.1**

       Plaintiffs submit this Statement of Undisputed Material Facts pursuant to Local Rule 56.1 in support of their motion for partial summary judgment that defendants are liable without limitation.

**Kubota Tractor Shipment**

       1.      On or about March 31, 2006, Yang Ming Marine Transport Corporation ("Yang Ming") issued the following Waybills for the carriage of Kubota New Agricultural Tractors shipped by Kubota Corporation from Tokyo aboard the M/V Cherokee Bridge to the Port of Long Beach, California and from there to Jefferson, Georgia:

|   | Billing of Lading Number | Container Number |
|---|---|---|
| 1 | YMLUW251121404 | YMLU8294100 |

| | | |
|---|---|---|
| 2 | YMLUW261121400 | FSCU6904489 |
| 3 | YMLUW251121405 | CLHU8586100 |
| 4 | YMLUW251121387 | XINU8033402 |
| 5 | YMLUW251121388 | YMLU8217892 |
| 6 | YMLUW251121389 | YMLU8264472 |
| 7 | YMLUW251121386 | CRXU9841070 |
| 8 | YMLUW251121382 | YMLU8190019 |
| 9 | YMLUW251121402 | TGHU8035818 |
| 10 | YMLUW251121384 | YMLU8131839 |
| 11 | YMLUW251121380 | CRXU9505408 |
| 12 | YMLUW251121398 | INKU6363983 |
| 13 | YMLUW251121381 | BHCU4940820 |
| 14 | YMLUW251121383 | CRXU9829536 |
| 15 | YMLUW251121385 | TRLU8116442 |
| 16 | YMLUW251121378 | YMLU8223405 |

(Ex. 3 to Declaration of Thomas Eagan dated August 23, 2007).

**Unisia Shipment**

2.   On or about March 31, 2006, Nippon Express issued Bill of Lading YOAT4406563 for the carriage of 7570 cartons of automotive component parts shipped by Hitachi, Ltd. from Tokyo aboard the M/V Cherokee Bridge to the Port of Long Beach, California and from there to be carried and delivered to Georgia (Ex. 5 to Eagan Decl.).

3.   Nippon Express in turn engaged Yang Ming to perform the actual carriage. On or about March 31, 2006, Yang Ming issued Waybill YMLUW261105356 for the

carriage of 7570 cartons of automotive component parts in four containers (including containers YMLU4455172 and TEXU7204601) from Tokyo aboard the M/V Cherokee Bridge to the port of Long Beach, California and from there to be carried and delivered to Georgia (Ex. 4 to Eagan Decl.).

**Hoshizaki Electric Shipment**

4. On or about April 11, 2006, Sumitrans issued bill of lading OSLA600099 for the carriage of 495 cartons of Icemakers and Sushi Cases shipped by Hoshizaki Electric Co., Ltd. from Tokyo aboard the M/V Cherokee Bridge to the Port of Long Beach, California and from there to be carried and delivered to Georgia (Ex. 7 to Eagan Decl.).

5. On or about April 11, 2006, Yang Ming issued Waybill YMLUW251752204 for the carriage of 495 cartons of Icemakers and Sushi Cases in container YMLU4515760 from Kobe, Japan (place of receipt) aboard the M/V Cherokee Bridge to the port of Long Beach, California and from there to be delivered to Georgia (Ex. 6 to Eagan Decl.).

**Canon Shipment**

6. On or about March 26, 2006, NYK Line issued Waybill NYKS479204457 for the carriage of container NYKU8214688 of Copying Machines and accessories from Yantain, China aboard the M/V OOCL Ningbo at Yantain to Long Beach, California and from here to be carried and delivered to Georgia (Ex. 8 to Eagan Decl.).

**Derailment**

7. Following discharge of the Cargo in Long Beach, California, the Cargo was placed on the train cars for carriage inland (Exhibit 1 to Eagan Decl., ¶ 7, 13, 18, 23).

8. On or about April 18, 2006 in Texas, a train operated by and/or controlled by the defendants carrying the Cargo derailed.

9. The Cargo was damaged as a result of the derailment (Ex. 1 to Eagan Decl.).

**Yang Ming Bill of Lading Terms (Kubota, Unisia and Hoshizaki Shipments)**

10. Paragraph 23 of the Yang Ming bill of lading standard terms provide, *inter alia*:

> 23. LIMITATION OF LIABILITY
>
> * * *
>
> (3) In the event this Bill covers the Goods moving to or from a port of final destination in the United States, the Carrier's limitation of liability in respect to the Goods shall in no event exceed U.S. Dollars $500 per package, or when the Goods are not shipped in packages, U.S. Dollars $500 per customary freight unit. In the even the forgoing would be held inapplicable under the local law of the jurisdiction in which legal proceedings are brought and if the Goods covered by the Bill are subject to the Hague Rules and any legislation making those rules compulsorily applicable to this Bill, the Carrier shall in no event be liable for any loss or damage to or in connection with the Goods in an amount exceeding the limit of 666.67 SDRs per package, or when the Goods are not shipped in packages, 666.67 SDRs per customary freight unit, or 2 SDRs per kilo. If such limitation is inapplicable under local law, the applicable law limitation in the country in which the action is brought shall be applied.
> (4) The aforementioned limitations of liability set forth in this provision shall be applicable unless the nature and value of the Goods have been declared by the Merchant before shipment and agreed to by the Carrier, and are inserted in the Bill and the Applicable "ad valorem" freight rate, as set out in Carrier's Tariff, is paid. Any partial loss or damage shall be adjusted pro rata on the basis of such declared value and if the declared value is higher than the actual value, the Carrier shall in no event be liable to pay compensation higher than net invoiced value of the Goods plus Freight and Insurance. (Ex. 9)

4

11. The Yang Ming bill of lading does not state that the shipper has the option of electing full Carmack liability. (Ex. 9)

**Nippon Express Terms (Unisia Shipment)**

12. The Nippon Express bill of lading provides, *inter alia:*

> 3. PARAMOUNT CLAUSE
> 3.1 Except as otherwise provided herein, for shipments by sea, originating from or destined to the United States of America, its territories or possessions and between coastal port, this Bill of Lading shall have affect subject to the provisions of the Carriage of Goods by Sea Act of the United States of America, approved April 16, 1988 (COGSA), 46 U.S.C. Sec. 1380.1315, which is incorporated herein and made a part hereof, and nothing herein contained shall be surrendered by the Carrier of any of its rights and immunities or an increase of any of its responsibilities, liabilities, or limitations of liability under said Act.
> 3.2 The provisions stated in said Act except as specifically provided otherwise herein shall govern before loading on and after discharge from the vessel and throughout the entire time the Goods are in the custody of the Carrier.
>
> * * *
>
> 8.2.
> (a) Compensation shall not, however exceed U.S. $500.00 per container package, or unit unless with the consent of the Carrier the Merchant has declared a higher value for the goods, such higher value shall be the limit. However the Carrier shall not, in any case, be liable for an amount greater than the actual loss to the person entitled to make the claim and the Carrier will not be liable for a claim for lost profits or consequential damages. (Ex. 11)

13. The Nippon Express Bill of Lading does not state that the shipper has the option of electing full Carmack liability.

**Sumitrans Bill of Lading Terms (Hoshizaki Shpiment)**

14. The Sumitrans bill of lading provides, *inter alia:*

Subject to clause 13 below, this Bill of Lading insofar as it relates to sea carriage Rules or any legislation making such Rules or the Hague Visby Rules compulsorily applicable (such as COGSA or COGWA if this Bill of Lading is subject to U.S. or Canadian law respectively) shall apply to the carriage of Goods by inland waterways and reference to carriage by sea in such Rules or legislation shall be deemed to include reference to inland waterways. If and to the extent that the provisions of the Harter Act of the United States of America 1893 would otherwise be compulsorily applicable to regulate the Carrier's responsibility for the Goods during any period prior to loading on or after discharge from the vessel the Carrier's responsibility shall instead be determined by the provisions of 6(3) below, but if such provisions are found to be invalid such responsibility shall be subject to COGSA. (Ex. 7 ¶ 6(1).

\*\*\*

(B) Package or Shipping Unit Limitation
Where the Hague Rules or any legislation making such Rules compulsorily applicable (such as COGSA or COGWA) to the Bill of Lading apply. The Carrier shall not, unless a declared value has been noted in accordance with (C) below, be or become liable for any loss or damage to or in connection with the Goods in an amount per package or shipping unit in excess of the package or shipping unit limitation as laid down by such Rules or legislation. Such limitation amount according to COGSA is US$500 and according to COGWA is Can $500. If no limitation amount is applicable under such Rules or legislation the limitation shall be US$500.

(C) Ad Valorem: Declared Value of Package or Shipping Unit
The Carrier's liability may be increased to a higher value by a declaration in writing of the value of the Goods by the shipper upon delivery to the Carrier of the Goods for shipment, such higher value being inserted on the front of this Bill of Lading in the space provided and if required by the Carrier extra freight paid. In such case, if the actual value of the Goods shall exceed such declared value, the value shall nevertheless be deemed to be the declared value and the Carrier's liability, if any, shall not exceed the declared value and ay partial loss or damage shall be adjusted pro rata on the basis of such declared value. (Ex. 7, ¶ 6 (4)(B)(C))

15. The Sumitrans bill of lading does not state the shipper has the option of electing full Carmack liability.

**NYK Line Bill of Lading Terms (Canon Shipment)**

16. The NYK Line Bill of Lading provides, *inter alia*:

> **26. (Limitation of Liability)** (1) The Carrier shall not in any event be liable for any loss of or damage to or in connection with the Goods or the Carriage in an amount exceeding 666.67 Units of Account per package or unit or 2 Units of Account per kilogramme of gross weight of the Goods lost or damaged, whichever is the higher. The Unit of Account mentioned in the preceding sentence is the Special Drawing Right (SDR) as defined by the International Monetary Fund. Notwithstanding anything else contained herein, if this Bill covers the Goods moving to or from the United States of America, and if the following is not invalid or unenforceable under the local law of the jurisdiction in which legal proceedings are brought, then the amount of the foregoing limitation shall instead by U.S.$500 per package or customary freight unit. The limitations under this paragraph shall not prejudice the application of lower limitation of liability applicable under Article 8(2)(b), if any.
> (2) The limitations referred to in Article 26(1) shall apply unless the nature and value of such Goods have been declared by the Merchant before shipment and inserted on the face of this Bill and extra freight has been paid as required. A declaration of higher value, if inserted on the face of this Bill, shall be prima facie evidence of the value of the Goods, but shall not be conclusive on the Carrier.

17. The NYK Line Bill of Lading does not state that the shipper has the option of electing full Carmack liability. (Ex. 10)

**NS Waybills**

18. For each of the containers shipped, NS has produced in discovery a "Miscellaneous" Waybill ("NS Waybill")(Ex. 12).

19. The NS Waybill does not state that the shipper has the option to choose limited liability or full Carmack liability.

7

**Rules Circular No. 2**

20. Norfolk Southern has produced in discovery Rules Circular No. 2 which provides, *inter alia,* that:

> (a) "NS's liability for loss, damage or delay to any shipments under this circular shall be limited to the lesser of the destination value of the cargo or $250,000." (Ex. 14, ¶ 8.3.3(e)).
>
> (b) that Carmack liability is not offered for any "foreign, ocean or other movement to which the statue is otherwise inapplicable" (Ex. 14, ¶ 8.4.1-1).
>
> (c) That for Interline Shipments the Carmack option is offered only if the other rail carrier also offers Carmack for the particular shipment.

21. Kansas City Southern's Rule Circular only offered Carmack liability option for shipments originating domestically.

22. In response to the claims for damage to the Shipments, NS stated that "Norfolk Southern's Intermodal Rules Circular No. 2 governs all shipments" (Ex. 20).

23. NS did not provide the shippers Kubota Corporation, Hitachi, Ltd., Hoshizaki Electric Co., or Canon with its Circular, the Intermodal Transportation Agreement, or its Miscellaneous Waybills.

Dated: Rye, New York
August 30, 2007

MALOOF BROWNE & EAGAN LLC

By: /s/ *signature*
David T. Maloof (DM 3350)
Thomas M. Eagan (TE 1713)
411 Theodore Fremd Ave., Suite 190
Rye, New York 10580
Tel: (914) 921-1200 Fax: (914) 921-1023
*Attorneys for Plaintiffs*

To: All Counsel