DAVID T. MALOOF (DM 3350)
THOMAS M. EAGAN (TE 1713)
MALOOF BROWNE & EAGAN LLC
411 Theodore Fremd Avenue, Suite 190
Rye, New York 10580-1411
(914) 921-1200
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

SOMPO JAPAN INSURANCE COMPANY OF
AMERICA and SOMPO JAPAN INSURANCE,
INC.

                *Plaintiffs,*   **07 Civ. 2735 (DC)**

- against -

NORFOLK SOUTHERN RAILWAY
COMPANY, NORFOLK SOUTHERN
CORPORATION and THE KANSAS CITY
SOUTHERN RAILWAY COMPANY

                *Defendants.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## PLAINTIFFS' REPLY TO DEFENDANTS' COUNTER-STATEMENT OF UNDISPUTED FACTS

Plaintiffs Sompo Japan Insurance Company of America ("Sompo America") and Sompo Japan Insurance, Inc. ("Sompo Japan") (collectively, "Sompo") respectfully submit this Reply to Defendants Norfolk Southern Corporation, and Norfolk Southern Railway Company (collectively "Norfolk Southern"), and Kansas City Southern Railway (all collectively, "the Defendants") Counter-Statement of Undisputed Facts

24.    Not disputed.

25. Not disputed.

26. Not disputed.

27. Not disputed.

28. Not disputed.

29. Not disputed that rail transport began in Long Beach; otherwise details as to BNSF's role and city of interchange are unknown to plaintiffs.

30. Disputed. The BNSF documents are not relevant to the motion. To extent found relevant, the documents mention Yang Ming but don't identify its role. The documents were only recently provided.

31. Not disputed that the NS waybills identify Yang Ming as shipper and consignee. Otherwise disputes defendants' characterization. The document speaks for itself.

32. As to BNSF, the documents are not relevant to the motion. To extent found relevant, the documents mention Yang Ming but don't identify its role. The documents were only recently provided. As to the NS waybill, the waybills identify Yang Ming as shipper and consignee. Otherwise disputes defendants' characterization. The document speaks for itself.

33. Not disputed that Norfolk Southern and Yang Ming entered a contract on August 12, 2004, but dispute the characterization. Defendants assert a legal conclusion; not a statement of fact. Under *Sompo*, the intermodal bills of lading are relevant (Ex. 3, 4, 5, 6, 7). Other documents may ultimately be found to be relevant, such as the circular (Ex. 14). NS has previously taken the position that the Circular governs (Ex. 20).

34. Does not dispute the terms of the contract; disputes characterization. The document speaks for itself.

35. Disputes the characterization of the document. The document speaks for

itself.

36. Does not dispute the terms of the contract; disputes characterization. The document speaks for itself.

37. Not disputed that Norfolk Southern and NYK entered a contract on April 1, 2003, but dispute the characterization. Defendants assert a legal conclusion; not a statement of fact. Under *Sompo*, the intermodal bills of lading are relevant (Ex. 3, 4, 5, 6, 7). Other documents may ultimately be found to be relevant, such as the circular (Ex. 14). NS has previously taken the position that the Circular governs (Ex. 20).

38. Does not dispute the terms of the contract; but disputes characterization. The document speaks for itself.

39. Does not dispute the terms of the contract; but disputes characterization. The document speaks for itself.

40. Disputes the characterization of the document. The document speaks for itself.


Dated: Rye, New York         MALOOF BROWNE & EAGAN LLC
October 1, 2007

By: _s/_ Thomas M. Eagan_____
    David T. Maloof (DM 3350)
    Thomas M. Eagan (TE 1713)
    411 Theodore Fremd Avenue, Suite 190
    Rye, New York 10580-1411
    Tel: (914) 921-1200 Fax: (914) 921-1023
    *Attorneys for Plaintiffs*

F://WP-Docs\2503.81\100107 Pls Reply to Defendants Counter Statement of Facts.doc