Paul D. Keenan (admitted *pro hac vice*)
Charles L. Howard (admitted *pro hac vice*)
Keenan Cohen & Howard P.C.
One Pitcairn Place
165 Township Line Rd.
Jenkintown, PA 19046
(215) 609-1110

and

Barry N. Gutterman
Gutterman & Associates
The Lincoln Building
60 East 42nd Street, 46th Floor
New York, NY 10165

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SOMPO JAPAN INSURANCE COMPANY OF AMERICA, and SOMPO JAPAN INSURANCE, INC. <br><br> *Plaintiffs,* <br><br> - against - <br><br> NORFOLK SOUTHERN RAILWAY COMPANY, NORFOLK SOUTHERN CORPORATION, and THE KANSAS CITY SOUTHERN RAILWAY COMPANY <br><br> *Defendants.* | NO.: 07 CIV. 2735 <br><br> JUDGE CHIN <br><br> **DEFENDANTS' CONCISE STATEMENT OF MATERIAL FACTS PURSUANT TO LOCAL RULE 56.1** |

Defendants, Norfolk Southern Railway Company ("Norfolk Southern"), Norfolk Southern Corporation ("NSC") and Kansas City Southern Railway Company ("KCS")(collectively, "the Defendants") by and through their attorneys, Keenan Cohen & Howard P.C., submit Defendants' Statement of Material Facts Pursuant to Local Rule 56.1.

**UNDISPUTED MATERIAL FACTS**

1.  Plaintiff Sompo Japan Insurance Company of America ("Sompo America") is an insurance company organized and existing under the laws of the State of New York with its principal place of business in New York, New York, and is the insurer of one or more of the Shipments that are the subject of this action, as more fully described below. Plaintiffs' Complaint (Dkt. No. 1)("Complaint") at ¶ 2.

2.  Plaintiff Sompo Japan Insurance Inc., ("Sompo Japan") is an insurance company organized and existing 'under the laws of Japan, and is the insurer of one or more of the Shipments that are the subject of this action, as more fully described below. Complaint at ¶ 3.

3.  Defendant Norfolk Southern Railway Company (hereinafter "Norfolk Southern") is a corporation organized and existing under the laws of Virginia, was and is doing business as a common carrier of goods by rail for hire, and was the delivering rail carrier of the Shipments at issue. Complaint at ¶ 4.

4.  The Kansas City Southern Railway Company (hereinafter "KCSR") is a corporation organized and existing under the laws of the state of Missouri, and was and is doing business as a common carrier of goods by rail for hire, and does business within this District. Kansas City was a rail carrier and/or delivery rail carrier of the Shipments at issue. Complaint at ¶ 5.

5.  On or about March 31, 2006, at the Port of Tokyo, Japan, there was shipped by Kubota Corporation ("Kubota") and loaded aboard the M/V Cherokee Bridge a consignment of Agricultural Tractors, in Containers YMLU8294100, FSCU6904489, CLHU 8586100, X1NU8033402, YMLU8217892, YMLU8264472, CRXU9841070, YMLU8I90019, TGHU8035818, YMLU8131839, CRXU9505408, 1NKU6363983, BHCU4940820,

2

CRXU9829536, TRLU8116442, YMLU8223405 (the "Kubota Shipment").  The Kubota Shipment was discharged at the Port of Long Beach, California and thereafter delivered to The BNSF Railway Company ("BNSF") for rail transport.  Complaint at ¶ 7; Declaration of Chris D. Luebbers in Support of Defendants' Opposition to Plaintiffs' Motion for Summary Judgment (Dkt. No. 21)("Luebbers Decl.").

6.     Kubota manufactured the tractors at its plant in Tsukuba, Japan.  Deposition of Takeshiyo Yokoo ("Yokoo Dep.") 7:22 – 8:25, relevant excerpts from which are attached as Exhibit A to the Second Declaration of Charles L. Howard (Howard Decl.).[1]  Tsukuba is located approximately 50 km from Tokyo.  See excerpt from City of Tsukuba, Japan website attached as Exhibit M to Howard Decl.[2]  After manufacture, Kubota transported the tractors to a warehouse located near its plant *via* truck.  Yokoo Dep. at 30:10 – 20.  The tractors were then placed into containers for shipment to the United States.  Yokoo Dep. at 32:21 – 33:3.  Kubota was not involved in the placing of the tractors into the shipping containers.  Yokoo Dep. at 31:24 – 32:24.  Each of the containers was then transported, *via* truck¸ to the port of Tokyo.  Yokoo Dep. at 33:21 – 34:2.

7.     Yang Ming Marine Transport Corporation ("Yang Ming") issued a separate bill of lading for each of the containers which made up the Kubota Shipment ("Kubota Bills of Lading").  Each of the Kubota Bills of Lading identified Tokyo, Japan as the "port of loading" and Jefferson, Georgia (USA) as the "place of destination."  Exhibit 3 to Declaration of Thomas M. Eagan in Support of Plaintiffs' Motion for Partial Summary Judgment (Dkt. No. 12-3)("Eagan Decl.").

---

[1]     Plaintiffs designated Ms. Yokoo to testify on their behalf in response to defendants' Rule 30(b)(6) deposition notice concerning the Kubota Shipment.  Yokoo Dep. at 5:17 – 6:4.
[2]     This information was obtained from the following web page on March 25, 2009: http://www.tsukubainfo.jp/

3

8. Norfolk Southern generated waybills for the rail transport of each of the containers which made up the Kubota Shipment ("NS Kubota Waybills"). Each of the NS Kubota Waybills identifies Long Beach, California as the rail origin and Austell, Georgia as the rail destination. The NS Kubota Waybills also indicate that the Kubota Shipment was originally tendered for rail transport to the BNSF Railway in Long Beach, California and then interchanged with Norfolk Southern in Dallas, Texas. Exhibit 12 to Eagan Decl. (Dkt. No. 12-12) and Luebbers Decl.

9. Sompo America insured the Kubota Shipment. Complaint at ¶ 10.

10. Sompo America's insured executed a "Subrogation Receipt" in exchange for the payment of insurance proceeds by Sompo America to its insured for claims related to the Kubota Shipment. Sompo America's insured agreed "to cooperate fully with [Sompo America] in the prosecution of [any subrogation claims], and to procure and furnish all papers and documents necessary in such proceedings and to attend court and testify if [Sompo America] deems such to be necessary." See Kubota Subrogation Receipt attached as Exhibit B to Howard Decl.

11. In response to Defendants' notice of deposition pursuant to Fed. R. Civ. P. 30(b)(6)[3], plaintiffs did not designate or produce anyone to testify as to the condition of the Kubota Shipment inside the containers when it was tendered for domestic rail transportation to BNSF or Norfolk Southern. Deposition of Kazuhiro Aikoh ("Aikoh Dep") 54:17 – 55:2, relevant excerpts from which are attached as Exhibit C to Howard Decl.

12. Plaintiffs disclosed no information whatsoever during discovery concerning the condition of the Kubota Shipment inside the containers when it was tendered for domestic rail

---

[3] A copy of defendants' Rule 30(b)(6) deposition notice which was marked as an exhibit to all of the depositions given by Sompo's designees is attached as Exhibit N to Howard Decl.

4

transportation to the rail carrier in Long Beach, California.  See Plaintiffs' Responses to Defendants Requests for Admission at ¶ 1, attached as exhibit D to Howard Decl.

13.     Plaintiffs have never disclosed the identity of any individual with knowledge of the condition of the Kubota shipment at rail origin, nor have plaintiffs produced evidence of any inspection of the freight inside the containers when the containers were tendered for domestic rail transport.  See Plaintiffs' Rule 26(a) Initial Disclosures at ¶ 1-A, attached as exhibit E to Howard Decl.

14.     On or about March 31, 2006, at the Port of Tokyo, Japan, there was shipped by Hitachi, Ltd. ("Hitachi"), and loaded aboard the M/V Cherokee Bridge a consignment of Automobile Parts in Containers YMLU4455172 and TEXU7204601 (the "Unisia Shipment"). The Unisia Shipment was discharged in Long Beach, California and thereafter delivered to BNSF for rail transport.  Complaint at ¶ 13; Luebbers Decl.

15.     Hitachi packaged the automobile parts which made up the Unisia Shipment. Deposition of Yukio Hoover ("Hoover Dep.")[4], 8:9 – 22, relevant excerpts from which are attached as Exhibit F to Howard Decl.

16.      Hitachi's plant is located in Atsugi, Japan, approximately 30 km from the port of Yokohoma.  Hoover Dep. at 49: 11 – 14.  After manufacture, Hitachi transported the auto parts to a warehouse in Yokohoma.  Hoover Dep. at 15:12 – 16:7.  There the auto parts were loaded into containers for shipment to the United States.  Hitachi was not involved in placing the freight into the shipping containers.  Hoover Dep. at 18:15 – 21.

17.     Nippon Express ("Nippon") issued a bill of lading for the containers which made up the Unisia Shipment ("Unisia Bill of Lading")  The Unisia Bill of Lading identified Tokyo,

---

[4]     Plaintiffs designated Ms. Hoover to testify on their behalf in response to defendants' Rule 30(b)(6) deposition notice concerning the Unisia Shipment.  Hoover Dep. at 4:21-5:3.

Japan as the "port of loading" and Monroe, Georgia (USA) as the "place of destination." Exhibit 5 to Eagan Decl. (Dkt. No. 12-5).

18.  Nippon engaged Yang Ming to perform the actual carriage of the Unisia Shipment. Yang Ming issued a waybill which identified Tokyo, Japan as the origin and Atlanta, Georgia as the destination. Exhibit 4 to Eagan Decl. (Dkt. No. 12-4).

19.  Norfolk Southern generated waybills for the rail transport of each of the containers which made up the Unisia Shipment ("NS Unisia Waybills"). Each of the NS Unisia Waybills identifies Long Beach, California as the rail origin and Austell, Georgia as the rail destination. The NS Unisia Waybills also indicate that the Unisia Shipment was originally tendered for domestic rail transport to the BNSF Railway in Long Beach, California and then interchanged with Norfolk Southern in Dallas, Texas. Exhibit 12 to Eagan Decl. (Dkt. No. 12-12) and Luebbers Decl.

20.  Sompo America insured the Unisia Shipment. Complaint at ¶ 16.

21.  Sompo America's insured executed a "Letter of Subrogation" in exchange for the payment of insurance proceeds by Sompo America to its insured for claims related to the Unisia Shipment. Sompo America's insured agreed "to render [Sompo America] every assistance in any [subrogation action] . . . in respect of this loss." See Unisia Letter of Subrogation attached as Exhibit K to Howard Decl.

22.  In response to Defendants' notice of deposition pursuant to Fed. R. Civ. P. 30(b)(6), plaintiffs failed to designate or produce anyone to testify as to the condition of the Unisia Shipment inside the containers when it was tendered for domestic rail transportation to

BNSF or Norfolk Southern. Deposition of Yosiyuki Kato ("Kato Dep.")[5], 96:18 – 98:11, relevant excerpts from which are attached as Exhibit G to Howard Decl.

23. Plaintiffs disclosed no information whatsoever during discovery concerning the condition of the Unisia Shipment inside the containers when it was tendered for domestic rail transportation to the rail carrier in Long Beach, California. See Plaintiffs' Responses to Defendants Requests for Admission at ¶ 2, attached as Exhibit D to Howard Decl.

24. Plaintiffs have never disclosed the identity of any individual with knowledge of the condition of the Unisia shipment at rail origin, nor have plaintiffs produced evidence of any inspection of the freight inside the containers when the containers were tendered for domestic rail transport. See Plaintiffs' Rule 26(a) Initial Disclosures at ¶ 1-B, attached as Exhibit E to Howard Decl.

25. On or about April 11, 2006, at the port of Kobe, Japan, there was shipped by Hoshizaki Electric Company ("Hoshizaki") and loaded aboard the M/V Cherokee Bridge a consignment of Icemakers and Sushi Cases in Containers YMLU4515760, YMLU4746964 and YMLU4889482, (the "Hoshizaki Shipment"). The Hoshizaki Shipment was discharged in Long Beach, California and thereafter delivered to BNSF for rail transport. Complaint at ¶ 18; Luebbers Decl.

26. Hoshizaki manufactured the icemakers and sushi cases at its plant in Shimane prefecture in Japan. Deposition of Yosiyuki Iwaki ("Iwaki Dep.")[6], 6:23 – 7:4; 9:17 – 25; and 10:13 – 17, relevant excerpts from which are attached as Exhibit H to Howard Decl. Upon completion of manufacture, the icemakers and sushi cases were placed in cartons at the

---

[5] Plaintiffs designated Ms. Kato to testify on their behalf in response to defendants' Rule 30(b)(6) deposition notice concerning the Unisia Shipment. Kato Dep. at 4:22-5:12.

[6] Plaintiffs designated Mr. Yosiyuki to testify on their behalf in response to defendants' Rule 30(b)(6) deposition notice concerning the Hoshizaki Shipment. Iwaki Dep. 4:18 – 5:3.

Hoshizaki plant and transported to a warehouse near Hoshizaki's plant. Iwaki Dep. at 22:19 – 23:15. The products were then trucked to a warehouse near the port of Kobe, Japan, where they were then "stuffed" into containers for their ocean voyage. Iwaki Dep. at 31:8 – 20. Hoshizaki was not involved in placing the freight into the shipping containers. Iwaki Dep. at 31:21 – 32:4. The distance between the Hoshizaki plant and the port of Kobe is approximately 250 km. Iwaki Dep. at 80:10 – 13.

27.     Sumitrans Corporation ("Sumitrans") issued a bill of lading for the containers which made up the Hoshizaki Shipment ("Hoshizaki Bill of Lading")  The Hoshizaki Bill of Lading identified Kobe, Japan as the "port of loading" and Griffin, Georgia (USA) as the "place of destination." Exhibit 7 to Eagan Decl. (Dkt. No. 12-7).

28.     Sumitrans engaged Yang Ming to perform the actual carriage of the Hoshizaki Shipment. Yang Ming issued a waybill which identified Kobe, Japan as the origin and Griffin, Georgia as the destination. Exhibit 6 to Eagan Decl. (Dkt. No. 12-6).

29.     Norfolk Southern generated waybills for the rail transport of each of the containers which made up the Hoshizaki Shipment ("NS Hoshizaki Waybills"). Each of the NS Hoshizaki Waybills identifies Long Beach, California as the rail origin and Austell, Georgia as the rail destination. The NS Hoshizaki Waybills also indicate that the Hoshizaki Shipment was originally tendered for rail transport to the BNSF Railway in Long Beach, California and then interchanged with Norfolk Southern in Dallas, Texas. Exhibit 12 to Eagan Decl. (Dkt. No. 12-12) and Luebbers Decl.

30.     Sompo Japan insured the Hoshizaki Shipment. Complaint at ¶ 21.

31.     Sompo Japan and its insured executed a "Letter of Subrogation" in exchange for the payment of insurance proceeds by Sompo Japan to its insured for claims related to the

8

Hoshizaki Shipment. Sompo Japan's insured agreed "to render [Sompo America] every assistance in any [subrogation action] . . . in respect of this loss." See the Hoshizaki Electric Company Letter Subrogation attached as Exhibit I to Howard Decl.

32. In response to Defendants' notice of deposition pursuant to Fed. R. Civ. P. 30(b)(6), plaintiffs did not designate or produce anyone to testify as to the condition of the Hoshizaki Shipment when it was tendered to BNSF or Norfolk Southern for rail transport. Iwaki Dep. at 57:24 – 58:6.

33. Plaintiffs disclosed no information whatsoever during discovery concerning the condition of the Hoshizaki Shipment when it was tendered for rail transportation to the domestic rail carrier in Long Beach, California. See Plaintiffs' Responses to Defendants Requests for Admission at ¶ 3, attached as Exhibit D to Howard Decl.

34. Plaintiffs have never disclosed the identity of any individual with knowledge of the condition of the Hoshizaki shipment at rail origin. See Plaintiffs' Rule 26(a) Initial Disclosures at ¶ 1-C, attached as exhibit E to Howard Decl.

35. On or about March 26, 2006, at Yantian, China; there was shipped by Canon Finetech Industries and loaded aboard the M/V OOCL Ningbo a consignment of copying machines and accessories in Containers NYKU8214688 and NYKU8223329 (the "Canon Shipment'). The Canon Shipment was discharged in Long Beach, California and thereafter delivered to BNSF for rail transport.. Complaint at ¶ 23; Luebbers Decl.

36. NYK Line ("NYK") issued a bill of lading for the containers which made up the Canon Shipment ("Canon Bill of Lading"). The Canon Bill of Lading identified Yantian, China as the "port of loading" and Long Beach, California (USA) as the "place of delivery." Exhibit 8 to Eagan Decl. (Dkt. No. 12-8).

9

37. Norfolk Southern generated waybills for the rail transport of each of the containers which made up the Canon Shipment ("NS Canon Waybills"). Each of the NS Canon Waybills identifies Long Beach, California as the rail origin and Austell, Georgia as the rail destination. The NS Canon Waybills also indicate that the Canon Shipment was originally tendered for rail transport to the BNSF Railway in Long Beach, California and then interchanged with Norfolk Southern in Dallas, Texas. Exhibit 12 to Eagan Decl. (Dkt. No. 12-12); Luebbers Decl.

38. Sompo Japan insured the Canon Shipment. Complaint at ¶ 26.

39. Sompo Japan and its insured executed a "Subrogation Receipt" which governed the payment of insurance proceeds by Sompo Japan to its insured for claims related to the Kubota Shipment. Sompo Japan's insured agreed "to cooperate fully with [Sompo Japan] in the prosecution of [any subrogation claims], and to procure and furnish all papers and documents necessary in such proceedings and to attend court and testify if [Sompo America] deems such to be necessary." See Canon Letter of Subrogation attached as Exhibit J to Howard Decl.

40. In response to Defendants' notice of deposition pursuant to Fed. R. Civ. P. 30(b)(6), plaintiffs did not designate or produce anyone to testify as to the condition of the Canon Shipment when it was tendered to BNSF or Norfolk Southern for rail transport. Deposition of Patrick Davidson ("Davidson Dep.") 6:21 – 7:23, relevant excerpts from which are attached as Exhibit L to the Howard Decl.[7]

41. Plaintiffs disclosed no information whatsoever during discovery concerning the condition of the Canon Shipment when it was tendered for rail transportation to the domestic rail

---

[7] Plaintiffs designated Mr. Davidson to testify on their behalf in response to defendants' Rule 30(b)(6) deposition notice concerning the Canon Shipment. Davidson Dep. 6:21 – 7:23.

carrier in Long Beach, California.  *See* Plaintiffs' Responses to Defendants Requests for Admission at ¶ 4, attached as exhibit D to Howard Decl.

42. Plaintiffs have never disclosed the identity of any individual with knowledge of the condition of the Canon shipment at rail origin.  See Plaintiffs' Rule 26(a) Initial Disclosures at ¶ 1-D, attached as exhibit E to Howard Decl.

43. Plaintiff has never disclosed the identity of any expert to testify on any issue in this matter.  Howard Decl. at ¶ 15.

        Respectfully submitted,

        **KEENAN COHEN & HOWARD P.C.**

By:    /s/ Charles L. Howard
        Paul D. Keenan
        Charles L. Howard
        One Pitcairn Place, Suite 2400
        165 Township Line Rd.
        Jenkintown, PA 19046
        Telephone:   (215) 609-1110
        Facsimile:    (215) 609-1117

        Attorneys for Defendants Norfolk Southern Corporation, Norfolk Southern Railway Company and Kansas City Southern Railways

Dated: March 31, 2009

## CERTIFICATE OF SERVICE

I, the undersigned counsel, hereby certify that on March 31, 2009, a true and correct copy of the foregoing Defendants' Statement of Material Facts Pursuant to Local Rule 56.1 was filed electronically. Notice of this filing will be sent to the following party, listed below, by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

>David T. Maloof, Esquire
>Thomas M. Eagan, Esquire
>MALOOF BROWNE & EAGAN LLC
>411 Theodore Fremd Avenue, Suite 190
>Rye, New York 10580-1411
>
>*Attorneys for Plaintiffs*


By:   /s/ Charles L. Howard
         Charles L. Howard